IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN A. CAMPBELL,<br><br>   Plaintiff,<br><br><br><br>vs.<br><br><br><br>CITY OF NEW YORK,<br><br>   Defendant. | ORDER DISMISSING THE CASE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br><br><br><br><br>Case No. 2:06-CV-00472 PGC |

On June 12, 2006, plaintiff John A. Campbell filed a 42 U.S.C. §§ 1983 and 1985 complaint against defendant City of New York. On June 19, 2006, the case was reassigned to this court. Mr. Campbell, a current resident of Utah and a pro se litigant, alleges that he was "issued a citation for feeding squirrels in [the] wrong area of the park."[1] He alleges that the "park patrol in [a] green uniform" issued the citation in question. The complete facts alleged are as follows: "[Mr. Campbell was] sitting on [a] park bench[, located] on [the] sidewalk of Union Square Park [in] Manhattan[. The Park Patrol officer] came up to [him] and said 'This is not the area that [feeding squirrels] was supposed to be done' and [then] gave [him] a ticket [for feeding

---

[1] Complaint, at 2.

squirrels in the wrong place.]"² Finally, Mr. Campbell alleges in his facts section that "this is somewhere in the midsummer [around] 1993 – or 1992."³

On its own initiative, the court questions whether Mr. Campbell has stated a claim upon which relief can be granted.⁴ Specifically, Mr. Campbell alleges actions taken by the City of New York in 1992 or 1993, more than thirteen years prior to his filing the instant complaint. He does not allege any continuing violations by the City of New York, nor does he offer any reason why he has filed his complaint more than thirteen years after the alleged constitutional violations occurred.

"Dismissal of a pro se complaint . . . is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."⁵ "In addition to construing a pro se complaint liberally, [the court] 'must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.'"⁶

State law determines the applicable statute of limitations and accompanying tolling provisions for 42 U.S.C. §§ 1983 and 1985 actions.⁷ Determining when Mr. Campbell's §§ 1983 and 1985 causes of action accrue requires the court "to identify the constitutional violation and

---

² *Id*. at 3.

³ *Id*. at 4.

⁴ *See* FED. R. CIV. P. 12(b)(6).

⁵ *Gaines v. Stenseng*, 292 F.3d 1222, 12224 (10th Cir. 2002) (quotation omitted).

⁶ *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

⁷ *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999); *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).

locate it in time."[8]  It is clear the action took place in the state of New York, given that Mr. Campbell alleges the park patrol infringed his rights in the borough of Manhattan, New York City.  Mr. Campbell's §§ 1983 and 1985 claims clearly allege constitutional violations by the New York City Park Patrol in mid-summer 1992 or 1993.  According to the Second Circuit, the "statute of limitations for action brought pursuant to §§ 1983 and 1983 is three years."[9]

Although state law determines the applicable statute of limitations period, federal law governs the actual period at which a claim accrues.[10]  "Section 1983 claims accrue, for the purposes of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'"[11]  Indeed, according to the Second Circuit, a § 1983 claim accrues "when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm."[12]

Construing Mr. Campbell's alleged facts liberally, and taking these facts in the light most favorable to Mr. Campbell, it is difficult to find that a thirteen year gap between the alleged constitutional violations and Mr. Campbell's filing is appropriate.  The statute of limitations for Mr. Campbell's allegations is three years, and Mr. Campbell clearly alleges that he knew of his

---

[8] *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998).

[9] *Paige v. Police Dep't of the City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001) (citing *Jahory v. New York State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994)).

[10] *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000); *Fratus*, 49 F.3d at 675; *Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987).

[11] *Johnson v. Johnson County Com. Bd.*, 925 F.2d 1299, 1300-01 (10th Cir. 1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981)).

[12] *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994).

injury at the time it occurred.  Even if the court were to give Mr. Campbell certain leeway, such as doubling the statute of limitations to six years, Mr. Campbell's cause of action would still be filed almost seven years too late.  The statute of limitations for Mr. Campbell's action expired in mid-summer 1996, at the latest.  If the court allowed Mr. Campbell's claim to move down the path toward discovery, the thirteen year gap between the alleged violations and his filing would make it difficult to facilitate proper discovery or recollection of the alleged events.  As the Second Circuit has noted, "[s]tatute of limitations serve several important policies, including rapid resolution of disputes, repose for those against whom a claim is brought, and avoidance of litigation involving lost evidence or distorted testimony of witnesses."[13]  Construing these alleged facts liberally, the court finds no reason at all that the statute of limitations should have been tolled to permit Mr. Campbell's late filing.  The court can find no reason for Mr. Campbell's late filing, nor can the court find any remedial amendment of the complaint that would remedy Mr. Campbell's defective complaint.  Accordingly, Mr. Campbell's complaint must be dismissed.

Since Mr. Campbell's allegations fall almost ten years outside of the applicable statute of limitations, the court holds that he has failed to state a claim upon which relief can be granted.[14]  The court DISMISSES Mr. Campbell's case with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

---

[13] *Carey v. IBEW Local 363 Pension Plan*, 201 F.3d 44, 47 (2d Cir. 1999).

[14] FED. R. CIV. P. 12(b)(6).

The Clerk's Office is directed to close this case.

    SO ORDERED.

    DATED this 22nd day of June, 2006.

                                BY THE COURT:

                                _____

                                Paul G. Cassell
                                United States District Judge